# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 24-10489 PA (JPRx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Sharon Driben v. SN Servicing Corporation, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff Sharon Driben ("Plaintiff"). Plaintiff's Complaint alleges claims against defendants SN Servicing Corporation, ServiceMac, LLC, US Bank Trust National Association, as Trustee for LB Igloo Series VI Trust, and US Bank Trust National Association, as Trustee for Treehouse Series VI Trust, and asserts that the Court possesses diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

A party seeking to invoke the Court's diversity jurisdiction must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10489 PA (JPRx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Sharon Driben v. SN Servicing Corporation, et al. | | |

unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity purposes, "[a] trust has the citizenship of its trustee or the trustees." Johnson, 437 F.3d at 899 (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464, 100 S. Ct. 1779, 1783, 64 L. Ed. 2d 425 (1980)).

Here, the Complaint does not allege sufficient facts to support the Court's exercise of diversity jurisdiction over this action. Specifically, the Complaint alleges that Plaintiff "was and is, an individual residing in the City of Los Angeles, County of Los Angeles, State of California. . . ." (Compl. ¶ 3.) Because an individual is not necessarily domiciled where he or she resides, Plaintiff's allegation is insufficient to plausibly allege her own citizenship. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Plaintiff alleges that SN Servicing Corporation is a national loan servicing company with an address in Louisiana and "licensed to do business in California." (Compl. ¶ 4.) The Complaint does not allege Plaintiff's state of incorporation or principal place of business.

The Complaint also alleges that defendant Service Mac, LLC has an address in Duluth, Georgia and is licensed to do business in California. Plaintiff does not identify the members of Service Mac LLC or their citizenship, and thus fails to meet her burden. See Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). Nor does the Complaint adequately allege the citizenship of the trust defendant, US Bank Trust National Association, sued in its capacity as Trustee for two different trusts because she fails to affirmatively allege the Trustee's citizenship. (Compl. ¶¶ 6-7 (alleging that US Bank Trust National Association is licensed to do business in CA and has a business address in New York).) Plaintiff has thus failed to adequately allege the citizenship of herself and any of the four defendants, and, as a result, has failed to meet her burden of establishing the Court's diversity jurisdiction.

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by December 20, 2024. The failure to file a First Amended Complaint by that date or to adequately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10489 PA (JPRx) | Date | December 9, 2024 |
|----------|------------------------|------|------------------|
| Title | Sharon Driben v. SN Servicing Corporation, et al. | | |

allege the Court's subject matter jurisdiction may, without further warning, result in the dismissal of this action without prejudice.

     IT IS SO ORDERED.